UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00022-GNS-LLK

GREGORY K. LAHNDORFF                                                              PLAINTIFF

v.

U.S. DEPARTMENT OF LABOR                                                      DEFENDANT

## MEMORANDUM OPINION & ORDER

Plaintiff Gregory K. Lahndorff ("Lahndorff") brings this action for review of the Department of Labor's ("DOL") denial of his claims for benefits under Parts B and E of the Energy Employees Occupational Illness Compensation Program Act of 2000 (the "EEOICPA"), 42 U.S.C. §§ 7384-7385s-16. Because the only decision for which review is available is neither arbitrary nor capricious, Lahndorff's claim is **DENIED**.

### I.     BACKGROUND

#### A.    Statutory Background

The EEOICPA provides benefits to covered employees with illnesses caused by exposure to toxic substances in the course of their work for the Department of Energy ("DOE") and its predecessor agencies, as well as certain of its vendors, contractors, and subcontractors. An employee seeking compensation under Part B of the EEOICPA for chronic beryllium disease ("CBD") must first provide proof she qualifies as a "covered beryllium employee," i.e., that she was potentially exposed to beryllium while working at a covered DOE facility. 42 U.S.C. § 7384l(1), (7). When documentation establishes employment at a DOE facility during a period of

time when beryllium dust, particles or vapor may have been present, an employee's exposure to beryllium is presumed. *Id.* § 7384n(a). To establish a diagnosis of CBD resulting from the employee's work-related beryllium exposure, certain statutory criteria must be met depending upon whether the claimed diagnosis was before or after January 1, 1993:

> (A) For diagnoses on or after January 1, 1993, beryllium sensitivity (as established [by abnormal lymphocyte proliferation test performed on either blood or lung lavage cells]) together with lung pathology consistent with [CBD], including—
> > (i) a lung biopsy showing granulomas or a lymphocytic process consistent with [CBD]
> > (ii) a computerized axial tomography scan showing changes consistent with [CBD]; or
> > (iii) pulmonary function or exercise testing showing pulmonary deficits consistent with [CBD].
>
> (B) For diagnoses before January 1, 1993, the presence of—
> > (i) occupational or environmental history, or epidemiologic evidence of beryllium exposure; and
> > (ii) any three of the following criteria:
> > > (I) Characteristic chest radiographic (or computed tomography (CT)) abnormalities.
> > > (II) Restrictive or obstructive lung physiology testing or diffusing lung capacity defect.
> > > (III) Lung pathology consistent with [CBD].
> > > (IV) Clinical course consistent with a chronic respiratory disorder.
> > > (V) Immunologic tests showing beryllium sensitivity (skin patch test or beryllium blood test preferred).

*Id.* § 7384l(13).

Part E of the EEOICPA provides additional compensation to certain DOE contractor employees for permanent impairment and/or wage-loss due to a "covered" illness resulting from work-related exposure to toxic substances at a DOE facility. *Id.* § 7385s(2). When deciding Part E claims, DOL must find that a DOE contactor employee has a covered illness for purposes of Part E if it has already determined that the employee is entitled to compensation under Part B for the same illness. *Id.* § 7385s-4(a). Otherwise, the employee must establish the following:

(A) it is as least as likely as not that exposure to a toxic substance at a Department of Energy Facility was a significant factor in aggravating, contributing to, or causing the illness; and

(B) it was at least as likely as not that the exposure to such toxic substance was related to employment at a Department of Energy facility.

*Id.* § 7385s-4(c)(1)(A)-(B).

### B. Factual Background

Lahndorff worked at the Paducah Gaseous Diffusion Plant ("PGDP") from April 21, 1975, to April 9, 2003. (Administrative Record 197, DN 18-2 [hereinafter AR]). Lahndorff alleges that he was exposed to hazardous substances during his time at the PGDP, which caused various illnesses. (Compl. ¶ 9, DN 1).

In October 2010, Lahndorff filed claims for benefits under Parts B and E of the EEOICPA for CBD.[1] (AR 345). Upon receipt of this claim, the district office of DOL's Office of Workers' Compensation Programs ("OWCP") referred the medical records Lahndorff submitted in support of his claims to an on-site contract medical consultant for review. (AR 696). As documented in the case file by a claims examiner, the consultant opined that: (1) the chest x-ray reports did not support a diagnosis of CBD, especially since a 1981 chest x-ray showed calcified granulomas, which are not characteristic of CBD; and (2) treatment notes were needed to show a clinical course consistent with chronic respiratory disorder. (AR 696). In the course of processing Lahndorff's claims, the district office sent him two letters describing the pre- and post-1993 statutory criteria for establishing a diagnosis of CBD and informing him that additional evidence was needed to establish a claim for CBD under Part B. (AR 342-43, 332-

---

[1] Lahndorff had previously filed claims under Part E for chronic migraines, thyroid disease, allergies, chronic bronchitis, arthritis, diverticulitis, chemical imbalance in the brain, tumor of vocal cords, asthma, sesptoplasty, bilateral inferior turbinoplasty, bilateral maxillary antrostomy, diabetes, and skin cancer. (AR 98).

3

33). More particularly, the district office explained that: (1) the x-ray reports Lahndorff submitted, which noted "parenchymal and hilar calcifications" and "calcified granulomas," were not consistent with CBD and thus were not sufficient to meet Criterion I of the pre-1993 statutory criteria; (2) the actual x-rays were not submitted and the notations were not signed by a physician; (3) there was insufficient evidence to show that Lahndorff had a clinical course consistent with chronic respiratory disorder as required by Criterion IV of the pre-1993 statutory criteria; and (4) Lahndorff's beryllium lymphocyte proliferation test ("BeLPT") was normal; thus, the post-1993 statutory criteria were inapplicable. (AR 342-43, 332-33).

Lahndorff elected not to submit any additional medical evidence in support of his CBD claims, maintaining that the evidence already on file established three of the pre-1993 statutory criteria, namely characteristic chest radiographic (Criterion I), restrictive or obstructive lung physiology testing (Criterion II), and a clinical course consistent with a chronic respiratory disorder (Criterion IV). (AR 288-89). Accordingly, the district office recommended that Lahndorff's Part B and E and claims for CBD be denied.[2] (AR 192-99).

Lahndorff objected to the district office's recommended disposition of his claims and requested a hearing. (AR 154-55, 108-43). After the hearing, on July 5, 2012, FAB issued a decision consistent with the district office's recommendation that Lahndorff's Part B claim for CBD, as well as his Part E claims for CBD and other illnesses be denied. (AR 98-104). Lahndorff asked FAB to reconsider its July 2012 decision, (AR 85-93), but, on September 18,

---

[2] The district office also recommended that Lahndorff's Part E claims for chronic migraines, thyroid disease, allergies, chronic bronchitis, arthritis, diverticulitis, chemical imbalance in the brain, tumor of vocal cords, asthma, sesptoplasty, bilateral inferior turbinoplasty, bilateral maxillary antrostomy, and diabetes be denied. (AR 192-99). However, it recommended that his Part E claim for skin cancer be accepted. (AR 199). On September 9, 2011, FAB issued a final decision accepting Lahndorff's Part E claim for skin cancer and awarding him $12,500 in impairment benefits. (AR 176-78).

2012, FAB declined to do so because Lahndorff had "not provided any new evidence or a sufficient argument which justifie[d] reconsideration." (AR 78-79).

In December 2012, Lahndorff requested that his Part B and E claims be reopened. (AR 53-60). However, on March 14, 2013, the Director of the Division of Energy Employees Occupational Illnesses Compensation denied Lahndorff's request because he had submitted no new evidence. (AR 43-48). In April 2014, Lahndorff requested reopening of his Part B and E claims for CBD "based on exposure to a toxic substance(s) beryllium oxide, beryllium sulfate, and welding fumes listed in the [PGDP] Site Exposure Matrices (SEM) . . . ." (AR 24-26). The District Director of the Division of Energy Employees Occupational Illnesses Compensation denied this request on November 26, 2014, because "[t]here was no new medical or employment evidence submitted with the request to reopen . . . ." (AR 3-5). The District Director explained that Lahndorff's CBD claims were denied for lack of medical evidence necessary to establish a diagnosis of CBD, not because Lahndorff had no exposure to beryllium at the PGDP; in fact, based on his employment at the PGDP, the potential for beryllium exposure was presumed. (AR 4).

This lawsuit followed on January 26, 2015. Lahndorff challenges DOL's July 5, 2012, decision, which became final on September 18, 2012, denying his claims under Part B for CBD and Part E for CBD and other illnesses. (Compl. ¶ 1). Lahndorff also challenges DOL's November 26, 2014, denial of his request to reopen his Part B and E claims for CBD. (Compl. ¶ 1).

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331 because a federal question under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, is presented.

## III. DISCUSSION

### A. Part B Claim

#### 1. *Standard of Review*

Because the EEOICPA is silent on the procedures used in adjudicating claims for compensation, this Court and others have employed the APA's "arbitrary or capricious" standard when reviewing DOL's final decisions denying claims for compensation under Part B. *Freeman v. Dep't of Labor*, No. 5:14-CV-114-GNS-LLK, 2015 WL 5020697, at *2 (W.D. Ky. Aug. 24, 2015), *aff'd*, 653 F. App'x 405 (6th Cir. 2016); *Yatsko v. U.S. Dep't of Labor*, 439 F. App'x 122, 124 (3d Cir. 2011); *Hayward v. U.S. Dep't of Labor*, 536 F.3d 376, 379-80 (5th Cir. 2008). In undertaking such a review, the Court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Ky. Waterways All. v. Johnson*, 540 F.3d 466, 473 (6th Cir. 2008) (internal quotation marks omitted) (quoting *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 378 (1989)).

Arbitrary-and-capricious review is deferential, however. *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007). Those contesting an agency's decision must "show that the action had no rational basis or that it involved a clear and prejudicial violation of applicable statutes or regulations." *McDonald Welding & Mach. Co. v. Webb*, 829 F.2d 593, 595 (6th Cir. 1987) (citations omitted). "If there is any evidence to support the agency's decision, the decision is not arbitrary or capricious." *Kroger Co. v Reg'l Airport Auth. of Louisville & Jefferson Cty.*, 286 F.3d 382, 389 (6th Cir. 2002) (citation omitted). Moreover, "[w]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Perry v. United Food & Commercial Workers Dist.*

*Unions 405 & 442*, 64 F.3d 238, 242 (6th Cir. 1995) (internal quotation marks omitted) (citation omitted).

### 2. *DOL's Decision was neither Arbitrary nor Capricious*

Based on a totality of the medical evidence, DOL found that the medical evidence submitted by Lahndorff was insufficient to support his Part B claim for CBD. It is undisputed that the results of the BeLPT submitted by Lahndorff were normal. Therefore, Lahndorff could establish a CBD diagnosis only through Section 7384l(13)(B). Lahndorff argues that the medical evidence shows that Criterion I, II, and IV of the pre-1993 criteria are met and that DOL acted arbitrarily and capriciously in concluding otherwise. The Court disagrees. For example, in determining whether Criterion I was met, the district office summarized the medical evidence Lahndorff had submitted as follows:

> [i]n the x-ray dated December 15, 1976, there was a notation that the chest showed a few parenchymal and hilar calcifications without evidence of active lung disease . . . . Also submitted was a notation regarding an x-ray on February 12, 1981 that indicating the lateral view of the chest showed calcified granulomas.

(AR 194). The district office explained that the chest x-ray reports Lahndorff had submitted were not characteristic of CBD because they showed calcified granulomas. (AR 194). This opinion is consistent with Chapter 2-1000.6a, Federal (EEOICPA) Procedural Manual (July 2011), which provides that "[c]alcification in a granuloma is usually associated with the healing of the granuloma. A calcified granuloma is not characteristic of CBD." The medical consultant concluded likewise, noting that the 1981 x-ray showed calcified granulomas and that "CBD should be non-calcified." (AR 696).

Lahndorff's contention that DOL improperly relied on a medical consultant's opinion in rendering its decision is without merit. This Court and the Sixth Circuit have approved the referral of certain matters to independent medical professionals for review and interpretation.

7

*See, e.g.*, *Bradford v. Dep't of Labor*, No. 5:14-CV-00135-GNS-LLK, 2016 WL 3945802, at *4 (W.D. Ky. July 18, 2016); *Featherston v. Dep't of Labor*, No. 5:14-CV-00132-GNS-LLK, 2016 WL 4746211, at *4 (W.D. Ky. Sept. 12, 2016); *Freeman*, 653 F. App'x at 411 n.2 ("We do not find persuasive Freeman's argument . . . that the DOL 'improperly' relied on the opinions of the District Medical Consultants because the medical records clearly met the statutory criteria . . . ."). Chapter 2-1000.8b of the Federal (EEOICPA) Procedure Manual provides that DOL may refer cases to a medical consultant "when the medical reports and/or tests do not include a clear interpretation and/or if there is a specific question(s) about the medical evidence." And 20 C.F.R. § 30.410(a) provides that OWCP may send a case file to a medical professional selected by DOL for review when the agency deems such review necessary.

Overall, DOL's decision denying Lahndorff's claim for benefits under Part B was based on a "consideration of relevant factors" and there was no "clear error of judgment." *Ky. Waterways All.*, 540 F.3d at 473 (quoting *Marsh*, 490 U.S. at 378). Therefore, under the circumstances, DOL's decision was neither arbitrary nor capricious. *Freeman*, 653 F. App'x at 411; *see also Watson v. Solis*, 693 F.3d 620, 626 (6th Cir. 2012) (where the claimant fails to provide evidence that is required under the Act, the DOL does not act arbitrarily or capriciously).

**B.     Part E Claims**

The EEOICPA provides for judicial review of DOL's final decisions denying claims for benefits under Part E as follows:

> A person adversely affected by a final decision of the Secretary under [Part E] may review that order in the United States district court . . . by filing in such court ***within 60 days after the date on which that final decision was issued*** a written petition praying that such decision be modified or set aside . . . . Upon such filing, the court shall have jurisdiction over the proceeding and shall have the power to affirm, modify, or set aside, in whole or in part, such decision . . . .

42 U.S.C. § 7385s-6(a) (emphasis added).

8

The Court has previously ruled that compliance with the 60-day filing deadline under Section 7385s-6(a) is a jurisdictional prerequisite for judicial review of final decisions denying claims under Part E. *Lanier v. Dept. of Labor*, No. 5:14-CV-168-GNS, 2015 WL 1638495, at *2-3 (W.D. Ky. June 8, 2015); *Featherston*, 2016 WL 4746211, at *4. Generally, a decision is final on the date it is issued by FAB. 20 C.F.R. § 30.316(d). However, a claimant dissatisfied with the disposition of his claim may ask FAB to reconsider its decision. *Id.* § 30.319(a). If his request for reconsideration is denied, the FAB decision that formed the basis of the request will be considered "final" on the date the request is denied. *Id.* § 30.319(c)(2).

FAB denied Lahndorff's Part E claims on July 5, 2012. That decision became final on September 18, 2012, when Lahndorff's request for reconsideration was denied. Because Lahndorff did not seek judicial review until January 26, 2015, the Court lacks jurisdiction to review the portion of FAB's decision denying his Part E claims.

### C. Request to Reopen

Requests to reopen EEOICPA claims are reviewable under certain circumstances. Recently, in *Berry v. Department of Labor*, 832 F.3d 627 (6th Cir. 2016), the Sixth Circuit held that requests to reopen EEOICPA Part B claims based on new evidence, as opposed to those based on material error in the original decision, are subject to judicial review under the APA. *Id.* at 636. Here, Lahndorff asks the Court to review FAB's November 2014 denial of his April 2014 request to reopen his Part B and E claims for CBD.[3] Judicial review of Lahndorff's request to reopen his Part B claim clearly depends on whether *Berry* is satisfied. Assuming requests to reopen Part E claims are subject to judicial review, such requests would also be subject to the requirements of *Berry*. *See Featherston*, 2016 WL 4746211, at *5.

---

[3] Lahndorff has not challenged FAB's March 2013 denial of his December 2012 request to reopen. (*See* Compl. ¶ 1).

9

DOL's denial of Lahndorff's request to reopen his Part B and E claims for CBD is unreviewable. Lahndorff requested that those claims be reopened "based on exposure to the following toxic substances: beryllium oxide, beryllium sulfate, and welding fumes, as identified in the PGDP SEM that links the claimant's covered illness of [CBD]." (AR 16). However, based on his employment at the PGDP, DOL presumed that Lahndorff was potentially exposed to beryllium.[4] As a result, Lahndorff's exposure to beryllium was not a factor in the denial of his claims and is not new evidence. *See Featherston*, 2016 WL 4746211, at *5. Instead, Lahndorff's Part B and E claims for CBD were denied because of insufficient medical evidence. Lahndorff submitted no new medical evidence in support his request to reopen those claims. Therefore, the Court concludes that Lahndorff's request was based on a purported material error in DOL's decision. Under *Berry*, such reopening requests are not reviewable.

### IV. CONCLUSION

First, as to his Part B claim, Lahndorff failed to establish the statutory criteria for a diagnosis of CBD. FAB's decision so concluding was logical and based on record evidence; it was neither arbitrary nor capricious. Second, the Court lacks jurisdiction to review the denial of Lahndorff's Part E claims. Last, the denial of Lahndorff's request to reopen his claims is unreviewable under *Berry v. Department of Labor*. The case is **DISMISSED**.

**Greg N. Stivers, Judge**
**United States District Court**
October 4, 2017

cc: counsel of record

---

[4] It is unclear how exposure to welding fumes affects Part B and E claims for CBD based on exposure to beryllium.